

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. M. Tucker
County Attorney
Collingsworth County
Wellington, Texas

Dear Sir:

Opinion No. O-1775
Re: Jury Fees - Pay of Jurors
in Justice Courts.

This department is in receipt of your letter of
December 18, 1939, requesting the opinion of this depart-
ment upon the following questions, to-wit:

"1. Is a jury fee in the Justice Court con-
tingent upon conviction?

"2. Should a jury fee be allowed regard-
less of the outcome of the case; if so, out of
what fund should same be paid in case of ac-
quittal, or where the convicted person serves
his time in jail upon conviction?"

Article 1066, Code of Criminal Procedure of Tex-
as, reads as follows:

"Each juror in the district or criminal
district court, county court, or county court
at law, except special veniremen whose pay is
now fixed by law, shall receive three dollars
for each day and for each fraction of a day
that he may attend as such juror, to be paid
out of the jury fund of the county in which
he may so serve. Jurors in justice courts who
serve in the trial of criminal cases in such
courts shall receive fifty cents in each case
they sit as jurors, provided that no juror in
such court shall receive more than one dollar for
each day or fraction of a day he may serve as
such juror. Grand jurors shall each receive
three dollars for each day and for each fraction

Honorable W. M. Tucker, Page 2

of a day that they may serve as such."

Article 1057, Code of Criminal Procedure of Texas, reads as follows:

"One summoned who attends as a juror shall receive no pay as a juror if he has not been sworn as such in a case or for the term or week."

Article 1059, Code of Criminal Procedure of Texas, reads as follows:

"The amount due jurors and bailiffs shall be paid by the county treasurer, upon the certificate of the proper clerk or the justice of the peace, stating the service, when and by whom rendered, and the amount due therefor."

Article 1075, Code of Criminal Procedure of Texas, reads as follows:

"If the defendant is convicted in a criminal action tried by a jury in a justice court, a jury fee of three dollars shall be taxed against him."

Article 1076, Code of Criminal Procedure of Texas, reads as follows:

"Only one jury fee shall be taxed against several defendants tried jointly. A jury fee shall be taxed in each trial if they sever and are tried separately."

Article 1077, Code of Criminal Procedure of Texas, reads as follows:

"A jury fee shall be collected as other costs in a case, and the officer collecting it shall forthwith pay it to the county treasurer of the county where the conviction was had."

Article 1628, Revised Civil Statutes of Texas, reads as follows:

"The funds received by the county treasurer shall be classed as follows, and shall be appropriated, respectively, to the payment of all

Honorable W. M. Tucker, Page 3

claims registered in the first, second and
third classes:

"1. All jury fees, all money received from
the sale of estrays, and all occupation taxes.

"2..All money received under any of the pro-
visions of the road and bridge law, including
the penalties recovered from railroads for fail-
ing to repair crossings, and all fines and for-
feitures.

"3. All money received, not otherwise appro-
priated herein or by the commissioners court."

Article 1626, Revised Civil Statutes of Texas,
reads as follows:

"Claims against a county shall be regis-
tered in three classes, as follows:

"1. All jury scrip and scrip issued for
feeding jurors.

"2. All scrip issued under the provisions
of the road law or for work done on roads and
bridges.

"3. All the general indebtedness of the
county, including feeding and guarding prison-
ers, and paupers' claims."

Article 1066 of the Code of Criminal Procedure
(Acts 1876, p. 291), 1925 Edition, which provided fees for
the Justice of the Peace in criminal cases contingent upon
conviction was repealed by Acts of 1929, Forty-first Legis-
lature of Texas, First Called Session, p. 154, Chapter 54,
Section 1. The cases of Ex parte Kelly, 111 Cr. R. 54, 10
S.W. (2d) 728, and Ex parte Biggs, 111 Cr. R. 653, 13 S.W.
(2d) 831, held that a Justice of the Peace whose compensa-
tion depended solely upon conviction was disqualified. The
Texas Court of Criminal Appeals set aside these convictions.

It is fundamental that no costs or fees may be
taxed against a defendant in a criminal case where he is
acquitted.

It is also fundamental that our whole system of
jurisprudence demands and requires that both judges and

Honorable W. M. Tucker, Page 4

jurors shall be fair, unbiased, impartial, and must have no pecuniary interest in the conviction of any defendant upon whom they sit in judgment.

You are, therefore, respectfully advised that it is the opinion of this department:

1.   No jury fee is taxed as costs against a defendant when he is acquitted.

2.   When a defendant is convicted in the justice court of a misdemeanor, a three dollar jury fee is taxed against him as part of the costs.

3.   That if such jury fee is taxed and collected it is paid into the County Treasury and placed into the Jury Fund of the county.

4.   That jurors who serve in justice court criminal cases are entitled to their statutory pay, regardless of the outcome of the case, and regardless of whether or not a jury fee is collected from the defendant.

5.   That in all cases where jurors serve in justice court criminal cases they are entitled to their statutory pay and that the same is to be paid to them by warrant drawn on the County Treasury payable out of the Jury Fund of the county.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   Wm. J. Fanning
          Assistant

WJF:FO

APPROVED JAN 5, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY /BWB CHAIRMAN